UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DERRICK SIMPSON,<br><br>    Petitioner,<br>  v.<br><br>RENEE BAKER, *et al.*,<br><br>    Respondents. | Case No. 2:19-cv-01943-RFB-VCF<br><br>**ORDER** |

This action is a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 by Derrick Simpson, an individual incarcerated at Nevada's Humboldt Conservation Camp. On November 4, 2019, the Court received from Simpson a Petition for Writ of Habeas Corpus (ECF No. 1) and motions for leave of Court to file his Petition with additional pages attached to the form (ECF Nos. 2, 3). Simpson paid the filing fee for this action (ECF No. 1-1). On November 21, 2019, Simpson filed a Motion for Appointment of Counsel (ECF No. 6).

The Court has examined Simpson's Petition, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and the Court determines that it merits service upon Respondents. The Court will order the Petition served upon Respondents and will set a schedule for Respondents to appear and respond to the Petition.

Simpson's motions requesting leave of Court to file his petition with additional pages attached to the form (ECF Nos. 2, 3) are unnecessary. His Petition has been filed. Therefore, the Court will deny those motions as moot.

Regarding Simpson's Motion for Appointment of Counsel, "[i]ndigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to

1 prevent due process violations." Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing Kreiling v. Field, 431 F.2d 638, 640 (9th Cir. 1970) (per curiam)). The Court may, however, appoint counsel at any stage of the proceedings "if the interests of justice so require." See 18 U.S.C. § 3006A; see also Rule 8(c), Rules Governing § 2254 Cases; Chaney, 801 F.2d at 1196. The Court determines that appointment of counsel is unwarranted in this case. The Motion for Appointment of Counsel is therefore denied.

Simpson names as a respondent the Humboldt Conservation Camp. A Notice of Change of Address filed by Simpson on November 21, 2019 (ECF No. 5) indicates that Simpson has been transferred to the Carlin Conservation Camp. The proper respondent would be Renee Baker, who, the Court is informed, is the warden of both the Humboldt Conservation Camp and the Carlin Conservation Camp. The Court construes Simpson's Petition as naming Renee Baker as the respondent warden.

**IT IS THEREFORE ORDERED** that, pursuant to Federal Rule of Civil Procedure 25(d), the Clerk of Court shall substitute Renee Baker for Humboldt Conservation Camp as the respondent warden.

**IT IS FURTHER ORDERED** that the Clerk of Court shall add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents.

**IT IS FURTHER ORDERED** that the Clerk of Court shall electronically serve upon Respondents a copy of the Petition for Writ of Habeas Corpus (ECF No. 1), and a copy of this Order.

**IT IS FURTHER ORDERED** that Respondents will have thirty (30) days from the date of this Order to appear in this action and ninety (90) days from the date of this Order to answer or otherwise respond to the habeas Petition.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Leave to File (ECF No. 2) and Motion for Leave to File Additional Pages (ECF No. 3) are **DENIED** as moot.

**IT IS FURTHER ORDERED** that, if Respondents file an Answer, Petitioner will have sixty (60) days to file a Reply to the Answer. If Respondents file a Motion to Dismiss,

Petitioner will have sixty (60) days to file a Response to the Motion to Dismiss, after which Respondents will have thirty (30) days to file a Reply to Petitioner's Response.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Appointment of Counsel (ECF No. 6) is **DENIED**.

DATED THIS 13th day of December, 2019.

_____
RICHARD F. BOULWARE, II,
UNITED STATES DISTRICT JUDGE