UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DERRICK SIMPSON,<br><br>    Petitioner,<br><br>v.<br><br>RENEE BAKER, *et al.*,<br><br>    Respondents. | Case No. 2:19-cv-01943-RFB-VCF<br><br>**ORDER** |

This action is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 by Derrick Simpson, a Nevada prisoner. Pending before the Court is Respondents' Motion to Dismiss and Simpson's Motion for Stay. The Court will grant the Motion for Stay and stay this action pending completion of Simpson's further state-court habeas action. The Court will deny as moot and without prejudice the Motion to Dismiss.

Simpson was convicted on May 4, 2015, after a jury trial in Nevada's Eighth Judicial District Court (Clark County) of battery with use of a deadly weapon resulting in substantial bodily harm and was sentenced to 144 months in prison with parole eligibility after 30 months. See J. of Conviction, Ex. 16, ECF No. 11-16. Simpson appealed, and the Nevada Court of Appeals affirmed on December 17, 2015. See Order of Affirmance, Ex. 34, ECF No. 11-34.

On December 28, 2016, Simpson initiated a habeas corpus action in state court. See Pet. for Writ of Habeas Corpus (Post-Conviction), Ex. 46, ECF No. 11-46. The state district court appointed counsel for Simpson then ultimately denied his habeas petition on May 18, 2018. See Findings of Fact, Conclusions of Law and Order, Ex. 68, ECF No. 12-22. Simpson appealed and the Nevada Court of Appeals affirmed on August 14, 2019. See Order of Affirmance, Ex. 91, ECF No. 12-45.

1  Simpson subsequently initiated this federal habeas corpus action *pro se* on November 4, 2019. See Pet. for Writ of Habeas Corpus, ECF No. 1. Respondents filed a Motion to Dismiss (ECF No. 10) on March 4, 2020, contending that certain of the claims in Simpson's habeas petition are unexhausted in state court. Simpson filed an opposition to the Motion to Dismiss (ECF No. 14), and Respondents replied (ECF No. 18).

On August 7, 2020, Simpson filed a Motion for Stay (ECF No. 20). Simpson concedes that certain of his claims are unexhausted in state court and requests that this action be stayed to give him an opportunity to present his unexhausted claims in state court before proceeding in the present action. On August 21, 2020, Respondents filed a Notice of Non-Opposition to the Motion for Stay (ECF No. 21).

In Rhines v. Weber, 544 U.S. 269 (2005), the United States Supreme Court circumscribed the discretion of federal district courts to impose stays to facilitate habeas petitioners' exhaustion of claims in state court. The Rhines Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").
>
> \* \* \*
>
> [I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

544 U.S. at 277-78.

The Court will grant Simpson's Motion for Stay and stay this action pending the completion of his further state-court habeas action. In doing so, the Court takes into

2

consideration Respondents' non-opposition. The Court will also deny as moot and without prejudice Respondents' Motion to Dismiss.

The Court intends this to be the last time it will impose a stay to facilitate Simpson's exhaustion of claims in state court. Simpson must exhaust all his unexhausted claims in state court during the stay imposed by this order.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Stay and Abeyance (ECF No. 20) is **GRANTED**. This action is stayed while the petitioner exhausts in state court his unexhausted claims for habeas corpus relief. The Clerk of Court is directed to administratively close this case.

**IT IS FURTHER ORDERED** that Respondents' Motion to Dismiss (ECF No. 10) is **DENIED** as moot and without prejudice.

**IT IS FURTHER ORDERED** that following the conclusion of Petitioner's further state-court habeas action, Petitioner must within 30 days file a motion to lift the stay of this action.

**IT IS FURTHER ORDERED** that this action will be subject to dismissal upon a motion by Respondents if Petitioner does not comply with the time limits in this order, or if he otherwise fails to proceed with diligence during the stay imposed by this order.

DATED THIS 26th day of August, 2020.



RICHARD F. BOULWARE, II,
UNITED STATES DISTRICT JUDGE

3